UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MYREAL TILLMAN, on behalf of herself and all others similarly situated,<br><br>      Plaintiff,<br><br>      vs.<br><br>LOUISIANA CHILDREN'S MEDICAL CENTER, aka LCMC HEALTH AND TOURO INFIRMARY<br><br>      Defendants. | CIVIL ACTION NO.:<br><br>SECTION:<br><br>MAGISTRATE: |

## COLLECTIVE ACTION COMPLAINT

### INTRODUCTION

NOW INTO COURT through undersigned counsel comes Plaintiff, Myreal Tillman, and files this Complaint against Defendants, Louisiana Children's Medical Center, also known as "LCMC Health" ("LCMC") and Touro Infirmary ("Touro") (collectively "Defendants"), who asserts claims on behalf of herself and all others similarly situated, seeking unpaid minimum wages and overtime, liquidated damages owed to them for not being paid overtime as mandated by the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, (hereinafter called the "FLSA"). Plaintiff additionally asserts individual claims for damages for retaliatory discharge in direct violation of the FLSA and for the difference between her hourly rate and the minimum wage rate for all hours that she was not paid, plus 90 days penalty wages under Louisiana's Final Wage Payment Act, 32:L631, et seq. ("FWPA"). Finally, Plaintiff also asserts an individual claim under Louisiana's Statute, La. R.S 32:967.

## JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act to recover unpaid overtime wages, liquidated damages, damages for retaliatory discharge under the FLSA and reasonable attorney's fees and costs. Thus, jurisdiction of the Court over this controversy is based upon 28 U.S.C. § 1331.

2. Jurisdiction over Plaintiff's state law claims is proper under 28 U.S.C. § 1367 because those claims arise out of the same transaction and occurrence giving rise to her federal law claims.

## VENUE

3. Venue is proper in the Eastern District of Louisiana under 28 U.S.C. § 1391 because it is where Defendants are subject to personal jurisdiction, where Defendants do business in the State of Louisiana, and where the unlawful acts complained of occurred.

## PARTIES

4. At all times material hereto, Plaintiff was, and continues to be a resident of Louisiana.

5. At all times material hereto Defendant LCMC was, and continues to be a Louisiana nonprofit corporation. Further, at all times material hereto, this Defendant was, and continues to be, engaged in business in Orleans Parish, Louisiana. LCMC is in the business of operating hospitals in the Greater New Orleans Area, including New Orleans East Hospital ("NOEH").

6. At all times material hereto, Defendant Touro was, and continues to be, a Louisiana nonprofit corporation. Touro is in the business of operating as a hospital and/or operating hospitals in the Greater New Orleans Area, including NOEH.

7. Upon information and belief, Defendants LCMC and Touro operate as a joint enterprise and therefore all Defendants are liable to Plaintiff as her joint employers.

## PLAINTIFF IS SUBJECT TO THE PROVISIONS OF THE FLSA

8. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

9. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

10. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of FLSA.

11. At all times material hereto, Defendants were the Plaintiff's "employers" within the meaning of FLSA.

12. At all times material hereto, Defendants were an "enterprise engaged in commerce" within the meaning of FLSA.

13. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

14. At all times material hereto, the work performed by the Plaintiffs was directly essential to the business performed by Defendants.

## DEFENDANTS ARE PLAINTIFF'S JOINT EMPLOYERS

15. All previous paragraphs are incorporated by reference herein.

16. At all material time hereto, Defendants operated as a single enterprise so as to constitute Plaintiff's "joint employers" under the FLSA.

17. Upon information and belief Defendants LCMC and Touro were both involved in the operation of NOEH.

18. Thus, the policies and procedures utilized by NOEH were designed, approved and/or implemented by or with the knowledge and approval of LCMC and/or Defendant Touro.

19. Upon information and belief, said policies are not limited to the unlawful payment practices complained of herein. Rather they extend to all areas of the operation of NOEH, including regulating how Plaintiff and other hourly employees are retained, terminated, scheduled, paid and the manner in which their jobs are performed.

20. Thus, given the level of control over Plaintiff and other employees exercised by Defendant LCMC, Defendant Touro and NOEH, under the FLSA, both Defendants constitute Plaintiff's employers.

## FACTUAL ALLEGATIONS

21. All previous paragraphs are incorporated by reference herein.

22. In July 2014, Plaintiff began working for NOEH as a PBX Operator.  A PBX Operator is the person that transmits pages, code blues, etc. over a hospital's intercom system.

23. She initially worked the night shift, from 9:00 p.m. to 7:30 a.m., but in December 2014, began to work some daytime shifts, as well.

24. Her rate of pay was $10.40 per hour, which increased to $11.00 per hour.

25. Plaintiff worked for many months without incident, but in late 2014, she realized that she was not being paid for half an hour each shift.  For example, if she worked the

9:00 p.m. to 7:30 a.m. night shift, she would only be paid for 10 hours, not the 10.5 hours that she actually worked.

26. Plaintiff complained to her supervisor about not being paid this amount, and was told that it was for a meal break.

27. However, Plaintiff did not take meal breaks and did not have a 30-minute period of time during which she was completely relieved of all duties.

28. Thus, she was entitled to be paid for the entire time she worked.

29. After Plaintiff complained about not being paid for the entire time she worked, Defendants advised that their company policy is to automatically deduct 30 minutes from each hourly personnel's shift for a "meal break."

30. Defendants also told her to email her supervisor after each shift when she did not take a meal break, a policy that was never previously communicated to Plaintiff and which failed to actually correct the issue, as Defendants continued to automatically deduct 30 minutes from Plaintiff's shifts, despite being advised that she had not taken a meal break.

31. In addition, Defendants has not fully reimbursed Plaintiff for the "breaks" that it had deducted from her previously, despite being presented with evidence that Plaintiff was not fully relieved of all of her duties for 30 minutes a shift to take a "meal break."

32. After speaking with her supervisor and failing to obtain relief from Defendants' blatantly unlawful compensation practices (which amount to theft of wages), Plaintiff reported Defendants' actions to their "Compliance" Department in February and May of 2016.

33. However, again, Defendants took no action to redress its unlawful payment practices.

34. Rather, after Plaintiff repeatedly complained about Defendants' unlawful payment practices, Defendants began to retaliate against her.

35. In addition to writing Plaintiff up for "insubordination" after she sent an email complaining about its failure to pay her, Defendants also reduced Plaintiff's hours down, ultimately to zero.

36. The last time Plaintiff worked for Defendants was on June 22, 2016.

## COLLECTIVE ACTION ALLEGATIONS

37. All previous paragraphs are incorporated as though fully set forth herein.

38. Plaintiff brings this FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons in the State of Louisiana who worked at hospitals owned or operated by Defendant LCMC since 2014, who were paid by the hour, and who had a 30-minute meal break automatically deducted from each shift they worked even though they were not fully relieved of all duties, in direct violation of the FLSA.

39. In this manner, Defendants failed to pay the Plaintiff and the FLSA Plaintiffs minimum wage and overtime pay to which they were, and are, entitled to be paid under the FLSA.

40. Plaintiff brings this action as a collective action under the FLSA to recover unpaid minimum wages, unpaid overtime, an equal amount as liquidated damages, attorneys' fees and costs, and all other damages owed to Plaintiff and all similarly situated employees of Defendants due to Defendants' failure to accurately record the hours that they worked, failure to pay them minimum wages for all hours that they worked

and failure to pay them overtime for all hours that they worked in excess of 40 per week.

41. Plaintiff estimates that there are dozens, if not hundreds, of members of the FLSA Collective Class who have been affected by Defendants' improper policies and practices, based upon the number of current employees of Defendants, the number of work locations maintained by Defendants, the Defendants' treatment of all of its employees in the same manner, and the turnover rate of Defendants' employees in the last two years. It would be impractical to join all of those employees and former employees in this action.

42. The precise number of persons in the FLSA Collective Action Class can be easily identified and located using Defendants' payroll and other personnel records.

43. Given the composition and size of the FLSA Collective Class, potential opt-in class members may be informed of the pendency of this Collective Action by direct mail and email.

44. Plaintiff's claim for unpaid minimum wage and overtime wages is properly maintained as a collective action because Plaintiff is similarly situated to the collective action members she seeks to represent via the Class in that:

    (a)    Plaintiff and similarly situated employees worked for Defendants as hourly employees and were subject to the same job scheduling policies and payment practices (although they may have been paid a different hourly rate).

    (b)    Plaintiff is personally aware that Defendants had a policy automatically deducting 30 minutes from each hourly employee's shift for a "meal

        break" without regard for whether that hourly employee was relieved of all duties during this supposed "meal break."

(c)     Plaintiff is personally aware that Defendants treated other similarly situated employees of Defendants in this same manner, meaning that similarly situated employees were not paid the federal minimum wage for all hours worked for Defendants.

(d)     Moreover, Plaintiff is also personally aware that other similarly situated employees of Defendants routinely worked in excess of 40 hours per week, but not paid overtime for all hours worked in excess of 40 hours per week due to its unlawful automatic deduction of 30 minutes per shift from their pay.

(e)     Although the number of hours worked by Plaintiff and FLSA Collective Plaintiffs may differ, the payment scheme of automatically deducting 30 minutes from each shift hourly employees worked for a meal break without regard for whether the employee took a meal break, as defined by the FLSA, was applied to all hourly employees who worked for Defendants. The hours each employee worked should be readily determinable by review of Defendants' records and via the Plaintiff and FLSA Collective Action Plaintiffs' best recollection where Defendants' records are incomplete, incorrect or otherwise inadequate.

(f)     Accordingly, Plaintiff is in the best position to represent all members of the FLSA collective class as a whole.

45. In addition, because Defendants applied their unlawful employment and payment policies in the same manner to all potential members of the FLSA Collective Class, common issues of law and fact predominate, and therefore pursuing this matter as a collective action serves as the most expeditious use of the court's time and resources, as well as avoiding multiple actions on these issues, with the potential for differing or inconsistent judgments.

46. Plaintiff requests that the Court authorize notice to the FLSA Collective Class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid minimum wages, unpaid overtime compensation and liquidated damages under the FLSA

<u>**COLLECTIVE ACTION CAUSES OF ACTION**</u>

<u>**COUNT I: FAILURE TO PAY MINIMUIM WAGE AND OVERTIME IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. § 201 *ET. SEQ.***</u>

47. All previous paragraphs are incorporated as though fully set forth herein.

48. As a result of Defendants' automatic deduction of 30 minutes of pay from each shift that they worked, Plaintiff and the FLSA Collective Action Plaintiffs were not paid at the federally-mandated minimum wage rate for all hours that they worked for Defendants.

49. In addition, as a result of Defendants' automatic deduction of 30 minutes of pay from each shift that Plaintiff and the FLSA Collective Action Plaintiffs worked, Plaintiffs and the FLSA Collective Action Plaintiffs were not paid at the federally-mandated overtime rate for each and every hour that they worked in excess of 40 hours per week.

50. Plaintiff and the FLSA Collective Action Plaintiffs were, and are, entitled to be paid at the federally mandated minimum wage rate for all hours that they worked for Defendants.

51. Plaintiff and the FLSA Collective Action Plaintiffs were, and are, also entitled to be paid at the statutory rate of one and one-half times their regular rates of pay for all hours they worked in excess of 40 hours.

52. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, by implementing a management policy, plan or decision that intentionally provided for the compensation of Plaintiffs as if they were exempt from coverage under 29 U.S.C. §§201 through 219, disregarding the fact that they were not exempt.

53. At all times material hereto, Defendants have failed to maintain proper time records as mandated by the FLSA.

54. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the FLSA Collective Action Plaintiffs at the mandatory minimum wage rate for all hours worked and/or their failure to compensate them at the statutory rate of one and one-half times their regular rate of pay for all of the hours they worked in excess of 40 hours per week when they knew, or should have known, such was and is due.

55. Defendants have failed to properly disclose or apprise Plaintiff and the FLSA Collective Action Plaintiffs of their rights under the FLSA.

56. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and the FLSA Collective Action Plaintiffs have suffered lost minimum wage and lost compensation for time worked over 40 hours per week, plus liquidated damages.

57. Plaintiff and the FLSA Collective Action Plaintiffs are also entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## PLAINTIFF'S INDIVIDUAL CLAIMS

## COUNT II: FLSA RETALIATION

58. All previous paragraphs are incorporated as though fully set forth herein.

59. The FLSA expressly prohibits an employer from "discharg[ing] or in any other manner discriminat[ing] against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter..."

60. Defendants' writing Plaintiff up after she complained about its unlawful payment practices and its reduction of Plaintiff's hours to zero because of her complaints regarding the manner in which she was paid and request to be paid in accordance with the FLSA constitutes retaliation in violation of 29 U.S.C. § 215(a)(3).

61. Plaintiff is therefore entitled to all damages due and owing to her under the law.

## COUNT III: VIOLATION OF LOUISIANA'S FINAL WAGE PAYMENT ACT, LA. R.S. 23:631

62. All previous paragraphs are incorporated as though fully set forth herein.

63. Louisiana's Final Wage Payment Act mandates that an employer pay all employees their full and final wages on the earlier of their next regular pay date or within fifteen days of their termination or resignation.  La. R.S. 32:631.

64. Defendants, through their actions of failing to pay Plaintiff for each and every hour that she worked within the time period stipulated by La. R.S. 32:631 have violated the Final Wage Payment Act.

65. As a result of Defendants' unlawful actions, Plaintiff is entitled to payment of her wages in full (meaning the difference in the federal minimum wage and her hourly rate for each and every 30 minutes that Defendants unlawfully deducted from her pay), one days' penalty wages for each day up to 90 days after the filing of this suit that Defendants fail to pay her wages, and attorneys fees and costs.

### COUNT IV VIOLATION OF LOUISIANA'S WHISTLEBLOWER STATUTE, LA. R.S. 32:967

66. All previous paragraphs are incorporated as though fully set forth herein.

67. Plaintiff also hereby asserts an individual claim against Defendants for retaliatory termination in violation of La. R.S. 32:967.

68. Plaintiff repeatedly spoke with Defendants' management regarding the unlawfully retained funds that had been deliberately withheld from her pay.

69. When she received no relief from speaking with her supervisors, Plaintiff also reported this unlawful theft of wages to Defendants' "Compliance" Department.

70. Defendants responded to Plaintiff's questioning regarding the theft of her wages and threats to report that theft by writing her up for insubordination and reducing her hours to zero.

71. Defendant's actions are in direct violation of La. R.S. 23:967 and Plaintiff is entitled to recover all damages due and owing to her under that statute.

## ATTORNEY'S FEES

72. Plaintiff has retained the law firm of Jackson+Jackson to represent Plaintiff and the FLSA Collective Action Plaintiffs in this litigation and have agreed to pay the firm a reasonable fee for its services.

## CONSENT

73. Plaintiff's consent to file this Complaint is evidenced by her signature on the FLSA Consent Form that is attached hereto as Exhibit "A."

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Myreal Tillman prays that judgment be entered in her and the FLSA Collective Action Plaintiffs' favor and against Defendants,

    a.    Declaring that Defendants' actions of failing to pay to Plaintiff and the FLSA Collective Action Plaintiffs minimum wage for all hours they worked and its failure to pay them time and one-half their regular rate of all of the hours they worked in excess of 40 per week is in violation of the FLSA;

    b.    Awarding Plaintiff and the FLSA Collective Action Plaintiffs an amount equal to their unpaid minimum wages and overtime, plus an equal amount as liquidated damages;

    c.    Awarding Plaintiff and the FLSA Collective Action Plaintiffs reasonable attorneys fees and costs;

    d.    Declaring that Defendants' retaliation against Plaintiff due to her actions of requesting to be paid in accordance with the FLSA is in violation of the anti-retaliation provisions of the FLSA.

    e.    Awarding Plaintiff all damages and penalties to which she is entitled due to

Defendant's unlawful retaliation against her in violation of the FLSA.

  f. Declaring that Defendants' failure to pay Plaintiffs the difference between the federal minimum wage and her regular hourly rate is in violation of Louisiana's Final Wage Payment Act;

  g. Awarding Plaintiff the difference between the federal minimum wage and her regular rate of pay for all hours she worked for Defendants but was not paid;

  h. Awarding Plaintiff 90 days penalty wages as set forth in the Final Wage Payment Act;

  i. Awarding Plaintiff attorneys fees and costs as set forth in the Final Wage Payment Act;

  j. Declaring that Defendants' retaliation against Plaintiff due to her actions of reporting Defendants' theft of her wages to her supervisors and to Defendants' Compliance Department violates Louisiana's Whistleblower Statute;

  k. Awarding Plaintiff all damages and penalties to which she is entitled due to Defendant's unlawful retaliation against her in violation of Louisiana's Whistleblower Statute;

  l. Interest from the date of demand; and

  m. All other relief to which Plaintiff and/or the FLSA Collective Action Plaintiffs may be entitled.

Respectfully submitted,

*/s/ Mary Bubbett Jackson*
Jody Forester Jackson, (La. Bar No. 28938)
Mary Bubbett Jackson, (La. Bar No. 29110)
**JACKSON+JACKSON**
201 St. Charles Avenue, Suite 2500
New Orleans, Louisiana 70170
T: (504) 599-5953
F: (888) 988-6499
E: jjackson@jackson-law.net
  mjackson@jackson-law.net
Attorneys for Plaintiff and the FLSA Collective Action Plaintiffs


**PLEASE SERVE:**

Louisiana Children's Medical Center
Through its registered agent:
Gregory Feirn
200 Henry Clay Avenue
New Orleans, LA 70118

Touro Infirmary
Through its registered agent:
Susan Andrews
1401 Foucher Street
New Orleans, LA 70115