UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MYREAL TILLMAN                                              CIVIL ACTION

VERSUS                                                      NO: 16-14291

LOUISIANA CHILDREN'S MEDICAL
CENTER ET AL.                                               SECTION: "H"

## ORDER AND REASONS

Before the Court is Defendant's Motion to Dismiss (Doc. 19). For the following reasons, the Motion is GRANTED IN PART.

## BACKGROUND

Plaintiff Myreal Tillman, a PBX operator at New Orleans East Hospital ("NOEH"), alleges that she and others similarly situated are owed unpaid minimum wages and overtime from their employers, Defendants Louisiana Children's Medical Center ("LCMC") and Touro Infirmary. Plaintiff alleges

that a half-hour meal break was deducted from every day that she worked, despite the fact that she was not allowed a meal break. She alleges that she was retaliated against after complaining about this practice and that her hours were ultimately reduced to zero. Plaintiff brings claims for unpaid wages and retaliatory discharge under the Fair Labor Standards Act ("FLSA"), as well as state law whistleblower and final wage payment claims.

Defendants have filed the instant Motion to Dismiss arguing that Plaintiff has not alleged facts upon which relief can be granted. This Court will consider each of Defendants' arguments in turn.

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[1] A claim is "plausible on its face" when the pleaded facts allow the court to "draw reasonable inference that the defendant is liable for the misconduct alleged."[2] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[3] The court need not, however, accept as true legal conclusions couched as factual allegations.[4] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[5] If it is apparent from the face of the complaint that

---

[1] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[2] *Id.*

[3] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

[4] *Iqbal*, 556 U.S. at 678.

[5] *Id.*

an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[6]  The court's reviewis limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[8]

## LAW AND ANALYSIS

In its Motion to Dismiss, Defendants move for the dismissal of LCMC as a defendant, all collective action allegations, and all state law claims.  This Court will consider each argument in turn.

### I. LCMC as Defendant

First, Defendants argue that Plaintiff's Complaint does not establish that LCMC was her employer.  "In order to establish a claim for retaliation or failure to compensate under the FLSA, there must first be an employer-employee relationship."[9]  Plaintiff's Complaint alleges that LCMC and Touro are her joint employers and that both are liable for the FLSA violations.  Defendants seek dismissal of LCMC from this matter, alleging that Plaintiff's Complaint fails to establish that LCMC was her employer.

The parties agree that in order to prove that a party was an employer under FLSA, the plaintiff must allege facts showing that the defendant had the requisite control over aspects of her employment.  An "'[e]mployer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee."[10]  "To determine whether an individual or entity is

---

[6] *Lormand*, 565 F.3d at 255–57.
[8] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).
[9] *Mendoza v. Essential Quality Const., Inc.*, 691 F. Supp. 2d 680, 684 (E.D. La. 2010).
[10] 29 U.S.C. § 203(d).

3

an employer, the court considers whether the alleged employer: '(1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.'"[11]

Defendants allege that Plaintiff's allegations amount merely to a "status based inference" in which she alleges that LCMC and Touro jointly operated NOEH. Plaintiff rebuts that her allegations are sufficient to show that LCMC and Touro jointly exercised control over her through the implementation of policies and procedures.

This Court holds that Plaintiff's allegations are insufficient. Plaintiff's Complaint merely alleges that LCMC managed and operated NOEH but it does not allege that LCMC had any actual control over Plaintiff. The Complaint does not allege that LCMC could hire, fire, or supervise Plaintiff. Accordingly, Plaintiff has not alleged sufficient facts to establish that LCMC was an employer for purposes of FLSA, and she therefore cannot succeed on her FLSA claim against it.

## II. Collective Action Allegations

Next, Defendants argue that the Complaint fails to adequately describe or identify the class of "similarly situated" persons and that Plaintiff's collective action allegations are insufficient to state a claim. Plaintiff rebuts that Defendants' argument is an improper attempt to dispute class certification before Plaintiff has moved for such.

---

[11] *Gray v. Powers*, 673 F.3d 352, 355 (5th Cir. 2012).

"There is no specific guidance from the Fifth Circuit Court of Appeals on this issue, and opinions from district courts both in this circuit and others are inconsistent, arriving at different conclusions as to a) whether certain job descriptions and factual allegations meet the plausibility standard as established in *Iqbal* and *Twombly*; and b) whether a motion to dismiss or collective action certification is the proper stage in the proceedings to address the issue."[12] However, this Court finds the opinion in *England v. Administrators of the Tulane Education Fund* instructive. In *England*, a court in this District stated that: "To prevail against a motion to dismiss, a plaintiff's complaint 'must allege facts sufficient to demonstrate that [she] and potential plaintiffs were victims of a common policy or plan that violated the law. Plaintiffs need only show their positions are similar, not identical.'"[13] The court held that the complaint's allegations did not give the defendants fair notice of the putative class because it did not provide "details about or descriptions of the similarly situated parties, along with sufficient facts to show that they were subject to the same pay provisions."[14]

Here too, Plaintiff has failed to give Defendants any details or descriptions of the similarly situated parties she purports to bring her claim on behalf. Plaintiff's Complaint merely states that she brings suit on behalf of any person who has worked at a hospital owned by Defendants since 2013 and

---

[12] *Creech v. Holiday CVS, LLC*, No. 11-46, 2012 WL 4483384, at *2 (M.D. La. Sept. 28, 2012).

[13] *England v. Adm'r s of the Tulane Educ. Fund*, No. 16-3184, 2016 WL 3902595, at *4 (E.D. La. July 19, 2016) (quoting *Wischnewsky v. Coastal Gulf & Intern., Inc.*, No. 12-2277, 2013 WL 1867199, at *4 (E.D. La. May 2, 2013); *Creech v. Holiday CVS, LLC*, No. 11-46-BAJ-DLD, 2012 WL 4483384, at *1 (M.D. La. Sept. 28, 2012)).

[14] *Id.*

5

whose hourly wage was reduced by a 30-minute meal break, even though they were not fully relieved of their duties during that time. This broadly defined class fails to give Defendants fair notice.[15] Plaintiff's Complaint does not specifically identify any potential class members, describe the positions they held or work they performed, or identify how they are similarly situated to Plaintiff. Accordingly, the allegations of the Complaint fail to give Defendants fair notice of the putative class, and those allegations are dismissed.

### III. State Law Claims

*1. Louisiana Wage Payment Statute*

Plaintiff next brings a claim under the Louisiana Wage Payment Statute ("LWPS"), which states that an employee must be paid all of the wages owed to him within 15 days of his discharge.[16] Defendants make three arguments for the dismissal of this claim.

First, Defendants argue that this statute is inapplicable here as Plaintiff has not been discharged from her position. Plaintiff's Complaint alleges that she was effectively discharged when her hours were reduced to zero.

> The terms 'termination' or 'discharge' in relation to employment matters have been defined by Louisiana jurisprudence. The employment relationship may be terminated without an express notice by either party. Any acts or words that reasonably lead an employee to believe that his services are no longer needed constitute discharge.[17]

---

[15] *See Flores v. Act Event Servs., Inc.*, 55 F. Supp. 3d 928, 940 (N.D. Tex. 2014).
[16] La. Rev. Stat. § 23:631.
[17] *Blanson v. Town of Richwood*, 81 So. 3d 230, 234 (La. App. 2 Cir. 2011) (internal quotations omitted).

Accordingly, the reduction of her hours to zero may reasonably constitute an act indicating to Plaintiff that her services were no longer needed. The determination of whether Plaintiff was terminated is an issue of fact the resolution of which would be inappropriate at this stage.

Next, Defendants argue that the FLSA preempts the LWPS. Plaintiff argues that her claims are not preempted because she is seeking recovery of the amount that she was not paid over and above minimum wage. She argues that because she can only seek minimum wage under FLSA, the LWPS allows her to seek the additional amount of the hourly wage that she alleges she is owed. Defendants do not rebut this argument on reply, and this Court can find no reason why Plaintiff's interpretation is incorrect. The language of the LWPS "is unambiguously broad in scope; it mandates that an employer pay any amount that an employee justifiably earns under the terms of his employment."[18] The FLSA, on the other hand, requires only that an employer pay its employees a minimum wage as set by the Act and does not address the failure to pay agreed-upon wages.[19] Accordingly, Plaintiff is entitled to seek the amount she is owed over and above minimum wage through the LWPS, and her claim is not preempted.[20]

Finally, Defendants again argue that "for the reasons outlined above" LCMC is not Plaintiff's employer and therefore cannot be held liable under the LWPS. However, the analysis used to determine whether a party is an

---

[18] *Kidder v. Statewide Transp., Inc.*, 129 So. 3d 875, 881 (La. App. 3 Cir. 2013).
[19] 29 U.S.C. § 206.
[20] *See Hendrix v. Delta Air Lines, Inc.*, 234 So. 2d 93, 95 (La. App. 4 Cir. 1970) ("The federal law makes no provision for or against penalties for mere failure to pay admittedly due agreed-upon wages promptly upon termination of employment. We conclude there is no preemption on this question by the Fair Labor Standards Act . . . .").

employer under the LWPS differs from the FLSA analysis discussed above. "[I]t is not the actual supervision or control which is actually exercised by the employer that is significant, but whether, from the nature of the relationship, the right to do so exists."[21]

> Louisiana courts look to the following, non-exclusive factors to determine whether an individual is an employee for the purposes of the LWPA: (1) whether there is a valid contract between the parties; (2) whether the work being done is of an independent nature such that the contractor may employ nonexclusive means in accomplishing it; (3) whether the contract calls for specific piecework as a unit to be done according to the independent contractor's own methods, without being subject to the control and direction of the principal, except as to the result of the services to be rendered; (4) whether there is a specific price for the overall undertaking agreed upon; and (5) whether the duration of the work is for a specific time and not subject to termination or discontinuance at the will of either side without a corresponding liability for its breach.[22]

Defendants provide no analysis of these factors to support their argument that LCMC is not Plaintiff's employer for purposes of the LWPS. However, Plaintiff's Complaint has likewise failed to allege any facts to support a finding that LCMC is her employer under the LWPS. Plaintiff has not alleged that she had a contract with LCMC, to what extent LCMC controlled her work, or to what extent LCMC had a right to control her work. Accordingly, Plaintiff's Complaint does not allege facts that would support a finding that LCMC is her

---

[21] *Mendoza v. Essential Quality Const., Inc.*, 691 F. Supp. 2d 680, 686 (E.D. La. 2010).
[22] *Id.*

8

employer under the LWPS, and therefore Plaintiff cannot succeed on a claim under the LWPS against LCMC.

*2. Louisiana Whistleblower Act*

Finally, Defendants allege that Plaintiff has failed to state a claim under the Louisiana Whistleblower Act. Louisiana's Whistleblower Act forbids retaliation when an employee "discloses or threatens to disclose a workplace act or practice that is in violation of state law."[23] To prevail on a whistleblower claim, "the plaintiff must establish an actual violation of state law."[24] Defendants allege that Plaintiff cannot succeed on her whistleblower claim because she cannot show an actual violation of state law. Plaintiff alleges that the state law violation supporting her whistleblower claim is the criminal theft of her wages. Defendants rebut that the mere failure to make payments does not amount to criminal theft.

Under Louisiana law, criminal theft is "the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential."[25] Criminal theft is a crime of specific intent. Plaintiff's Complaint does not contain any allegations that Defendants possessed the specific intent to deprive her of her property. In addition, "[a] reasonable and honest belief that one owns an interest in property precludes a finding that he intended to

---

[23] La. Rev. Stat. § 23:967(A).
[24] *Odeh v. City of Baton Rouge/Par. of E. Baton Rouge*, 191 F. Supp. 3d 623, 628 (M.D. La. 2016).
[25] La. Rev. Stat. § 14:67.

9

permanently deprive the owner of the property."[26]  This Court notes that it is likely that Defendants believed that their policies complied with FLSA, and they therefore lack the requisite intent for criminal theft.  Accordingly, Plaintiff has failed to allege a claim under the Louisiana Whistleblower Statute, and this claim is dismissed.

## CONCLUSION

For the foregoing reasons, Defendants' Motion is GRANTED IN PART.  Defendant Louisiana Children's Medical Center is DISMISSED WITHOUT PREJUDICE.  Plaintiff's collective action allegations and whistleblower claim are likewise DISMISSED WITHOUT PREJUDICE.  Plaintiff is granted leave to amend her Complaint within 20 days of this Order to the extent that she can remedy the deficiencies identified herein.

New Orleans, Louisiana this 19th day of April, 2017.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[26] *State v. Henry*, 73 So. 3d 958, 966 (La. App. 2 Cir. 2011).